LAW OFFICE OF DAVID W. WIECHERT
DAVID WIECHERT (Cal. Bar No. 94607)
JAHNAVI GOLDSTEIN (Cal. Bar No. 245084)
27136 Paseo Espada, Suite B1123
San Juan Capistrano, California 92675
Telephone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com
Email: jahnavi@davidwiechertlaw.com

Attorneys for Defendant
Thomas Carter Ronk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>THOMAS CARTER RONK,<br><br>     Defendant. | Case No. SA 8:19-cv-00607-JVS-ADS<br>The Honorable James V. Selna<br><br>**ANSWER OF DEFENDANT THOMAS CARTER RONK**<br><br><u>DEMAND FOR JURY TRIAL</u> |

---

ANSWER OF DEFENDANT THOMAS CARTER RONK

**CERTIFICATE OF INTERESTED PARTIES**

Pursuant to L.R. 7.1-1, the undersigned, counsel of record for Defendant Thomas Carter Ronk, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. Thomas Carter Ronk – Defendant
2. Buyins.net, Inc. – Entity owned by Defendant
3. Century Pacific Investments, LLC – Entity owned by Defendant

LAW OFFICE OF DAVID W. WIECHERT

By: */s/ David W. Wiechert*
    David W. Wiechert
    Jahnavi Goldstein
    Attorneys for Defendant
    Thomas Carter Ronk

## DEFENDANT'S PRELIMINARY STATEMENT

Defendant Thomas Carter Ronk ("Ronk" or "Defendant") makes this "Answer" in response to the "Complaint"[1] filed September 28, 2018 (Dkt 1)[2] brought against him by Plaintiff Securities and Exchange Commission ("Commission" or "SEC" or "Plaintiff") as follows, and reserves his rights to request dismissal of the Complaint on any and all grounds, except for Fed. Rule. Civ. Pro. 12(b) grounds. Each numbered response in this Answer is made subject to the following limitations. To the extent Plaintiff has included headings or impertinent material that is inappropriate under Rules 8 or 12(f) under the Federal Rules of Civil Procedure, no response is necessary and such material should be stricken. To the extent any headings or impertinent material are deemed to require a response, Defendant denies them. Defendant restates the headings within the Complaint solely for the convenience of the Court and denies any of the factual allegations and legal conclusions that may be included or implied by the headings. Defendant reserves the right to amend his Answer as necessary.

## GENERAL DENIAL

Any allegation in the Complaint not specifically admitted, including but not limited to any subpart or heading, is hereby denied.

## SUMMARY

1.  Paragraph 1 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

2.  Paragraph 2 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations. Defendant denies that he co-

---

[1] Any defined term not specifically defined herein adopts the definition set forth in the Complaint.

[2] Unless specified otherwise, the docket numbers referenced herein refer to the case previously numbered 18-cv-08908-GBD in the Southern District of New York.

founded WealthMakers, he only founded the technology that WealthMakers licensed from Buyins.net and made available on the WealthMaker's website. The WealthMakers company was formed and founded by Zirk Engelbrecht, not Defendant. Defendant was only a 15% (eventually diluted to approximately 10%) minority shareholder of WealthMakers.

3. Paragraph 3 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

4. Defendant denies the allegations in Paragraph 4.

## VIOLATIONS

5. Paragraph 5 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

6. Paragraph 6 sets forth legal conclusions and the relief sought by the SEC to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

7. Paragraph 7 sets forth legal conclusions and the relief sought by the SEC to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

## JURISDICTION AND VENUE

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies the factual allegations and legal conclusions in Paragraph 9. Subsequent to the SEC's filing of the Complaint, and Defendant's filing of a Motion to Transfer Venue ("Transfer Motion") (Dkt 26), Plaintiff and Defendant jointly stipulated that venue was proper in the Central District of California, and the Court in the Southern District Of New York ordered the matter transferred to this Court here within the Central District of California (Dkt 37).

## DEFENDANT

10. Defendant admits the allegations in Paragraph 10, with the following exceptions and clarifications: Ronk works in Corona Del Mar, California, but resides in Huntington Beach, California. Ronk never served as President of WealthMakers, and was not its part-time owner, but merely a shareholder. Buyins.net is not a stock promotion firm – it is a company that sells short sale time and sales data aggregated information from all US stock exchanges in report format.

## RELATED INDIVIDUALS AND ENTITIES

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 regarding Engelbrecht's age. Defendant denies that Engelbrecht ever served as an officer or director of Gepco. Defendant denies that Engelbrecht is currently incarcerated in Lompoc Federal Correctional Institution. As of the date of his Transfer Motion, Defendant was informed and believed that Engelbrecht was incarcerated at the D. Ray James joint ICE/BOP detention facility in Folkston, Georgia and was subject to deportation to South Africa.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 regarding Kuhn's age. Defendant admits that Kuhn was the principal of SCR, but is without knowledge or information sufficient to form a belief as to the truth of the allegations of SCR's activities and whether Kuhn received undisclosed kickbacks from Engelbrecht, or of Kuhn's alleged solicitation of investments in Gepco's stock, and accordingly denies them. Defendant denies that Kuhn is currently incarcerated in USP Lewisburg. As of the date of his Transfer Motion, Defendant was informed and believed that Kuhn had been released early and was residing in Port Washington, New York.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14; however, Defendant

notes that per Century Pacific Investments' 2019 Form ADV, it currently only reports approximately $400,000 under management.

15. Defendant admits the allegations in the first sentence of Paragraph 15. Defendant denies the allegation that he served as President of WealthMakers, the only position he ever held at WealthMakers was Chief Analytics Officer. Defendant admits that he owned approximately 15% of WealthMaker shares, however that amount was later diluted to 10%. The allegation that "WealthMakers was never registered in any capacity" is a misleading and inaccurate description of the facts. While Defendants admits that it was not registered, the allegation implies that it was required to be, and/or that it was Defendant's responsibility to register it. No such registration of WealthMakers was required. Defendant himself was/is a Registered Investment Advisor.

16. Defendant admits the allegations in Paragraph 16, with the exception of the term "purported," which it denies.

17. Defendant admits the allegations in Paragraph 17, with the exception of the term "purported," which it denies.

## FACTS

### I. Ronk Made Materially False or Misleading Statements Concerning Casablanca and Gepco

18. Paragraph 18 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

### A. Ronk's Misstatements Concerning Casablanca

19. Aside from admitting that he did disseminate marketing materials concerning Casablanca, Defendant denies the allegations set forth in Paragraph 19. Further, Paragraph 19 contains legal conclusions to which no response is required.

20. Defendant admits the allegations in the first three sentences of Paragraph 20, but denies the last (fourth) sentence. Further, Paragraph 20 contains

legal conclusions to which no response is required.

21.    Defendant admits the allegations in the first two sentences of Paragraph 20, but denies the last (third) sentence. Further, Paragraph 21 contains legal conclusions to which no response is required.

22.    Except as expressly admitted, the allegations in Paragraph 22 constitute a misleading and inaccurate description of relevant facts and Defendant denies the allegations on that basis. Defendant only admits that he put out a Buyins.net research report related to Casablanca on December 19, 2012. Further, Paragraph 22 contains legal conclusions to which no response is required.

23.    Defendant denies the allegations set forth in Paragraph 23.

**B. Ronk's Misstatements Concerning Gepco**

24.    Defendant denies the allegations set forth in Paragraph 24. Furthermore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged scheme led by Engelbrecht and his confederates to pump and dump Gepco shares, and accordingly denies them. Further, Paragraph 21 contains legal conclusions to which no response is required.

25.    Defendant admits the allegations in the first three sentences of Paragraph 25, but denies the last (fourth) sentence.

26.    Defendant admits the allegations in the first sentence of Paragraph 26, but denies the last (second) sentence.

27.    Defendant admits the allegation that he was provided the projections by Engelbrecht's associate, however he denies the allegations in that same first sentence that he "repeated the claims to investors without taking any steps to confirm the basis for the figures or their accuracy." Defendant denies the allegations set forth in the last (second) sentence of Paragraph 27.

28.    Except as expressly admitted, the allegations in Paragraph 28 constitute a misleading and inaccurate description of relevant facts and Defendant

denies the allegations on that basis. Defendant admits that he distributed a January 19, 2014 Century Pacific Investments brochure to investors, but denies "baselessly touting Gepco's expected revenues." Further, Defendant denies that the Century Pacific Investments fee agreement with Gepco provided for Century Pacific Investments "to earn ten percent of any raised or generated from Ronk's efforts to sell stock." The fee agreement and its exhibit, the terms of which are omitted from the allegations, did not pertain to the sale of Gepco stock – rather it was limited to the consummation of business between a set list of identified accredited investors and Gepco pertaining to a Diamond Note Participation Program, which did not materialize, no investors invested in, and neither Century Pacific Investments nor Ronk received any finders fees for. While Ronk admits that he did not disclose the fee agreement to Gepco investors, the allegation is misleading and inaccurate, as Ronk had no duty nor obligation to disclose the fee agreement. Ronk admits that he did not disclose to Gepco investors that he received indirect compensation from Engelbrecht, but again the allegation is misleading and inaccurate as the nominal compensation was reimbursement for legitimate business expenses, and/or made pursuant to WealthMakers and Buyins.net licensing agreement, and Ronk had no duty nor obligation to disclose it. Ronk did not effectuate any investments in Gepco and neither he nor Century Pacific Investments received any money relating to Gepco. Ronk denies the allegations in the last (third) sentence of the Paragraph. Further, Paragraph 28 contains legal conclusions to which no response is required.

29.     Except as expressly admitted, the allegations in Paragraph 29 constitute a misleading and inaccurate description of relevant facts and Defendant denies the allegations on that basis. Defendant denies the allegation in the first sentence that he "drafted" the marketing document reference, which was provided to him by Gepco's management, Engelbrecht and Malone. Defendant admits that he sent the marketing document dated February 2014 to investors, but denies that it contained misrepresentations. Defendant denies that the document overstated the qualifications

of Engelbrecht's wife or that it was Defendant that drafted any of the descriptions the allegations take issue with. Defendant denies that the statements were false, and had no reason to believe that they allegedly could be at the time he distributed the document provided to him. Defendant does not deny the subsequent testimony he made regarding Engelbrecht's wife, but such testimony was taken out of context and was provided years after the document was disseminated and subsequent to Defendant's increased knowledge of Engelbrecht and his associates schemes due to the DOJ and SEC actions brought against them.

30. Except as expressly admitted, the allegations in Paragraph 30 constitute a misleading and inaccurate description of relevant facts and Defendant denies the allegations on that basis. Defendant admits he sent the February 2014 Gepco marketing document to investors. Defendant incorporates the denials relating to the fee agreement and indirect compensation set forth above in Paragraph 28 in his denial to Paragraph 30. Defendant denies the allegations that investors were falsely led to believe that Ronk was providing independent advice. Further, Paragraph 30 contains legal conclusions to which no response is required.

31. Except as expressly admitted, the allegations in Paragraph 31 constitute a misleading and inaccurate description of relevant facts and Defendant denies the allegations on that basis. While Defendant admits that he had one-on-one conversations with Investor A, Defendant denies that he made any misrepresentations. Defendant incorporates his denials regarding the fee agreement and indirect compensation set forth above in Paragraph 28 in his denial to Paragraph 31.

32. Defendant admits the allegations set forth in the first sentence of Paragraph 32. Defendant denies the last two sentences.

33. Defendant denies the allegations set forth in Paragraph 33.

**II.     Ronk Made Materially False or Misleading Statements Concerning WealthMakers**

34. Paragraph 34 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

35. Defendant denies the allegations set forth in Paragraph 35.

36. Defendant admits the allegations set forth in the first three sentences of Paragraph 36. Defendant denies the last (fourth) sentence.

37. Defendant admits the allegations set forth in the first sentence of Paragraph 37. Defendant denies the second sentence. Defendant admits the allegations set forth in the last (third) sentence, but this allegation is not relevant at best, and misleading at worst. Ronk researched, identified, selected and contracted with several large third-party data providers, algorithmic trading technology companies and other software vendors to build the technology licensed by WealthMakers.

38. Except as expressly admitted, the allegations in Paragraph 38 constitute a misleading and inaccurate description of relevant facts and Defendant denies the allegations on that basis. Defendant admits that the descriptions set forth in the first sentence of Paragraph 38 were included in the WealthMakers "Summer 2012" brochure, but denies that any of the descriptions/claims were false. While Defendant admits the allegation in the second sentence that WealthMakers never *directly* licensed any information technology from IBM, the Summer 2012 brochure never represented that it did directly license from IBM. The allegation is non relevant and misleading. Defendant admits the allegations in the third sentence that the brochure stated that 16 years and $60 million dollars went into the development of the computer systems used by WealthMakers, but denies the allegations that those claims were false made in the third and last (fourth) sentences.

39. Defendant admits the allegations in the first sentence of Paragraph 39 that a WealthMakers promotional brochure stated that Ronk, Engelbrecht, and Engelbrecht's wife were among those that contributed "approximately $7 million in

seed capital to start WealthMakers." Defendant denies the allegations set forth in the second sentence and last (third) sentences.

40. Except as expressly admitted, the allegations set forth in Paragraph 40 constitute a misleading and inaccurate description of relevant facts and Defendant denies the allegations on that basis. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 regarding Engelbrecht's wife's expertise and experience, and denies them on that basis. Defendant admits the allegations in the last sentence regarding his subsequent description of Engelbrecht's wife and understanding of her qualifications, but such testimony was taken out of context and was provided years after Defendant made any alleged statements relating to her role in WealthMakers and subsequent to Defendant's increased knowledge of Engelbrecht and his associates schemes due to the DOJ and SEC actions brought against them.

41. Defendant admits the allegations in the first sentence of Paragraph 41 that WealthMaker's offering materials noted that $4 million of the funds raised would be used for making investments; but not that he "asserted them." Defendant denies the allegations set forth in the last sentence that no moneys were ever used to make investments. The offering materials discussed use "of the funds raised" and WealthMakers never raised $4 million in funds.

### III. **Ronk's Fraudulent Scheme to Manipulate Trading Prices of Casablanca and Gepco**

42. Paragraph 42 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

### A. Casablanca

43. Paragraph 43 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations. Defendant admits he sent the

text alleged in the last two sentences, but denies that the text supports the SEC's characterization and legal conclusions in any way.

44. Paragraph 44 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations. Defendant admits he sent the text alleged second sentence, but denies that the text supports the SEC's characterization and legal conclusions in any way.

45. Paragraph 45 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations. Defendant admits he entered the order to buy 200 shares alleged in the second sentence, and sent the text alleged in the third sentence, but denies that such supports the SEC's characterization and legal conclusions in any way. Due to the delisting of the stock, its trading history is no longer publicly available and thus Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the last sentence that his purchase of $1.05 was the highest trade of the day, and accordingly denies it.

46. Defendant denies the allegations set forth in Paragraph 46, except for admitting that the texts set forth were exchanged between him and Kuhn.

47. Defendant denies the allegations set forth in Paragraph 47. Further, Paragraph 47 contains legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

48. Defendant denies the allegations set forth in Paragraph 48. Further, Paragraph 48 contains legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

49. Defendant admits the allegations set forth in Paragraph 49.

50. Defendant admits the allegations set forth in Paragraph 50.

51. Paragraph 51 sets forth the SEC's characterization of this matter as well

as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations. Defendant solely admits the allegation in the last sentence that on March 19, 2013 he issued a Casablanca-related SqueezeTrigger Report, and that he sold 15,000 free trading shares of Casablanca Mining on behalf of WealthMakers on March 20, 2013, but denies all other allegations set forth in that same sentence.

### B. Gepco

52. Paragraph 52 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations. Defendant solely admits that the texts set forth were exchanged between him and Kuhn, but denies that they support the SEC's characterization or legal conclusions.

53. Defendant admits that he communicated with investors regarding many matters, including Gepco, but denies that he solicited them as alleged in the first sentence of Paragraph 53. Defendant denies the allegations set forth in the second sentence.

54. Defendant admits the allegations set forth in the first sentence of Paragraph 54, with the exception that he advised rather than solicited Investor B. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in the last paragraph regarding Investor B's trading decisions, and accordingly denies the allegations.

55. Defendant admits the allegations set forth in Paragraph 55, except for denying that any of the actions or communications therein evidence the intent alleged, which he denies.

56. Paragraph 56 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

57. Defendant admits the allegations set forth in the first sentence of

Paragraph 57, with the exception of the allegations being an example of the legal conclusions alleged in the Complaint, which he denies. Defendant denies the allegations set forth in the second sentence. Due to the delisting of the stock, its trading history is no longer publicly available and thus Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the last (third) sentence that on August 14, 2014 Gepco stock moved from $0.11 to $0.1498 before closing back at $0.125, and accordingly denies it.

### ANSWER TO FIRST CLAIM FOR RELIEF
### Violations of Section 17(a) of the Securities Act

58. Defendant incorporates his responses to Paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59. Paragraph 59 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

60. Paragraph 60 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

### ANSWER TO SECOND CLAIM FOR RELIEF
### Violations of Section 17(b) of the Securities Act

61. Defendant incorporates his responses to Paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62. Paragraph 62 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

63. Paragraph 63 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

### ANSWER TO THIRD CLAIM FOR RELIEF

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

64. Defendant incorporates his responses to Paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65. Paragraph 65 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

66. Paragraph 66 sets forth the SEC's characterization of this matter as well as legal conclusions to which no response is required. To the extent response is deemed necessary, Defendant denies the allegations.

**PRAYER FOR RELIEF**

In response to the section of the Complaint entitled "Prayer For Relief," and each of its subparts, Defendant denies that Plaintiff is entitled to any of the relief Requested, and further denies each and every allegation contained therein.

**JURY DEMAND**

Defendant demands a trial by jury on all triable issues.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses to the allegations set forth in the Complaint. In so doing Defendant does not allege or admit that he has the burden of proof and/or persuasion with respect to any of these defenses.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and its claims against Defendant, in whole or part, are barred by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, and its claims against Defendant, in whole or part, are barred because Defendant acted in good faith at all material times and in conformity with all applicable federal statutes, including the Securities Act and Exchange Act, and all applicable rules and regulations promulgated thereunder.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, and its claims against Defendant, in whole or part, are barred because Defendant did not act at any time with scienter or intent to deceive, manipulate, or defraud.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and its claims against Defendant, in whole or part, are barred because any alleged misrepresentations or allegedly false or misleading statements or omissions referenced in the Complaint were based on information supplied by other sources, on which Defendant reasonably believed to be true.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint's claims against Defendant for injunctive relief are barred because, *inter alia*, there has been no violation of the Securities Act or the Exchange Act, and accordingly there is no reasonable likelihood that any violation will be repeated. Furthermore, any injunctive relief claims are barred because the negative impact of an injunction greatly outweighs any benefit of an injunction.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint's claim for a penny stock bar is barred because, *inter alia*, there has been no violation of the Securities Act and Defendant's alleged conduct was unintentional, isolated, and undertaken in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint's claim for an officer and director bar is barred because, *inter alia*, there has been no violation of the Securities Act or the Exchange Act and Defendant is fit to serve as an officer or director of a public company.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint's claim for penalties is barred because, *inter alia*, there has been no violation of the Securities Act or the Exchange Act, and any alleged violation by Defendant was unintentional, isolated, undertaken in good faith, and did not result in any substantial loss or risk of loss.

### NINTH AFFIRMATIVE DEFENSE

The Complaint's claim for disgorgement is barred because, *inter alia*, Defendant did not receive any improper economic gain or ill-gotten profits as a result of any of the conduct alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Any alleged loss, damages, or ill-gotten gains Plaintiff alleges in its Complaint were not caused by any act, omission, representation, or negligence on the part of Defendant but is solely attributable to the conduct of persons other than Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert other defenses and claims when and if it becomes appropriate and hereby specifically reserves the right to amend this Answer to allege such defenses as they become known.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests judgment as follows:

1. That judgment be entered in favor of Defendant and against the SEC on all alleged claims for relief set forth in the Complaint;

2. That the Complaint be dismissed with prejudice; and

3. For granting of such other relief as the Court deems just and proper.

Dated: May 13, 2019            Respectfully Submitted,

                               LAW OFFICE OF DAVID W. WIECHERT

                               By: */s/ David W. Wiechert*
                               David W. Wiechert
                               Jahnavi Goldstein
                               Attorneys for Defendant
                               Thomas Carter Ronk

# **CERTIFICATE OF SERVICE**

I, Danielle Dragotta, an employee of the Law Office of David W. Wiechert, located at 27136 Paseo Espada, Suite B1123, San Juan Capistrano, CA 92675, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On May 13, 2019, I served the forgoing documents, described as **ANSWER OF DEFENDANT THOMAS CARTER RONK;** and **CERTIFICATE OF INTERESTED PARTIES** on all interested parties as follows:

[  ]  **BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]  **BY E-MAIL/ECF:** I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the United States District Court for the Central District of California using its ECF system, which electronically notifies counsel.

[X]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 13, 2019, at San Juan Capistrano, California.

*s/Danielle Dragotta*
Danielle Dragotta